{¶ 40} I concur with the majority as to the disposition of this case. I write separately only to set forth my analysis of the second, third and fourth assignments of error.
 {¶ 41} I agree with the majority that we should affirm the trial court regarding the dismissal of the claims concerning Sanford Kyles. It appears that Sanford had not yet been served with a copy of appellant's amended complaint when the appellant filed its motion for default judgment against Sanford and Ervin. Therefore, I do not find that the trial court erred in dismissing the complaint against Sanford for failure to prosecute.
 {¶ 42} I agree with the majority as to the disposition of the third and fourth assignments of error. But, from the wording of these assignments, it appears that the appellant is concerned that Allstate may now make a claim against appellant for the monies Allstate has paid to appellant under appellant's policy with Allstate. Allstate paid $1,488.54 to the appellant under the policy but then Allstate dismissed its claim against the persons who did the damage. Appellant was granted judgment against one of those persons for $3,913.52. But, it is clear from the Magistrate's report, that appellant would have been awarded approximately $5,402.06 had the court not reduced the damage amount due to appellant by the $1,488.54 appellant had already been reimbursed by Allstate. *Page 13 
I find that appellant is protected from a claim by Allstate based on what the trial court ruled. Therefore, I also find, as the majority did, that appellant failed to demonstrate prejudice to its own position warranting reversal or correction by this Court.
 Judge Julie A. Edwards *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant. *Page 1